**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **David Andrew Bardes,** | Case No. 1:25-CV-661 |
| Plaintiff, | Judge Jeffery P. Hopkins |
| vs. | |
| **George Walker Bush, et al.,** | |
| Defendants. | |

### MEMORANDUM IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rules of Civil Procedure 4 and 12(b)(5), Defendants Apple Inc. and Timothy Cook oppose Plaintiff David Bardes' motion for default judgment. This motion is further supported by the accompanying memorandum of law in support, filed contemporaneously herewith and incorporated herein by reference.

Respectfully submitted,

**WESTON HURD LLP**

/s/ *Edward G. Hubbard*
Edward G. Hubbard (0067784)
101 E. Town St. - Suite 500
Columbus, OH 43215
614-280-1125 (direct)
614-280-0204 (fax)
ehubbard@westonhurd.com
*Trial Attorney for Defendants*
*Apple Inc. and Timothy Cook*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

**David Andrew Bardes,**                                Case No. 1:25-CV-661

    **Plaintiff,**                                                Judge Jeffery P. Hopkins

    vs.

**George Walker Bush, et al.,**

    **Defendants.**

## <u>MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR DEFAULT</u>

**Procedural History and Background**

Plaintiff filed the instant Complaint against Defendants Apple Inc. and Timothy Cook and 24 other defendants on September 10, 2024. *See* ECF No. 1, Compl. The docket reflects the filing of multiple affidavits of service on October 14, 2025 (Doc # 11). Per Doc # 11, on or about September 25, 2025, Michael May, a "private process server," claiming to have been duly sworn, avers that he was "duly authorized to make service of the documents listed herein in the above-entitled case" and that service was completed by mailing a copy of the summons, complaint, and exhibits to "Timothy Donald Cook, APPLE Inc."[1]

As an initial matter, Federal Rule of Civil Procedure ("Rule") 55 governs defaults and default judgments and provides a two-step procedure. A plaintiff must first apply for and receive an entry of default from the Clerk of Court. Rule 55(a). After the Clerk enters a party's default, a plaintiff may apply to the court for a default judgment. Rule 55(b)(2). Here, Plaintiff moved the Court for default judgment, but has not yet filed for, let alone obtained an entry of default from the Clerk of Court. On this basis alone, the Court should deny his motion.

---

[1] Based upon the Plaintiff's motion for default, it appears that he believes that delivery of one summons addressed as above is sufficient to effectuate service on both Defendant Cook and Defendant Apple Inc. Defendants dispute this, but because the service is fatally flawed, they will not address this here.

The Court should also deny the motion as the Plaintiff failed to properly serve either defendant. As held in *Craver v. Brown*, 2025 U.S. Dist. LEXIS 109747, *2 (S.D. Ohio 2025), "an entry of default must be set aside if service of process was not proper." *Citing O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.")

Here, Plaintiff failed to properly serve either defendant. Under Rule 4(e), the Plaintiff was obligated to serve Tim Cook, an individual, as follows:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> Pursuant to Rule 4(h), the Plaintiff was obligated to serve Apple, a corporation as follows:
>
> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; ***.
>
> Courts have interpreted the term "delivering" in Rule 4(h)(1)(B) as requiring personal service on the appropriate agent. *Clanton v. Sam's Club*, 2021 U.S. Dist. LEXIS 228022, *3 (W.D. Mich. 2021), citations omitted.
>
> As an alternative to these means, a plaintiff may effectuate service by any means permissible under the law of the forum state pursuant to Rules(4)(e)(1) and 4(h)(1)(a). Fed. R. Civ. P. 4(d), 4(e),

and 4(h). Ohio permits service by various methods, but the only permissible method of process by certified mail is reserved exclusively to the clerk of courts. See Ohio Rule Civ. P. 4.1(A)(1)(a). Consistent with this Ohio rule, this Court's Local Rule 4.2(a) provides that service by certified mail under Ohio law must be accomplished via the Clerk of Court, and the sender must be designated as "Clerk, United States District Court, Southern District of Ohio." Upon service by this means, the Clerk shall make a note on the docket. Local Rule 4.2(b). As held in *Chavando v. Plasma Igniter LLC*, 2022 U.S. Dist. LEXIS 212797, *4-5 (N.D. Ohio 2022), the "Ohio rules only permit service by mail when a plaintiff requests that the Clerk's Office send certified mail copies of the summons and complaint to a defendant. Plaintiffs may not use third-parties who are not affiliated with the Clerk's Office to send the required documents by certified mail. Ohio Civ. R. 4.3(B)."

Based on the Affidavit of Service (Doc # 11), the Plaintiff, who resides in Kentucky and used a Kentucky legal support vendor, Michael May of Fastpro Legal Support, a third party, mailed one summons to Tim Cook by certified mail. Plaintiff failed completely to follow this Court's rule requiring the use of Ohio's certified mail procedure – to be sent by the Clerk. This fails to constitute service, which is why there is no notation by the Clerk that it made certified mail service of process upon the Defendants in accordance with this Court's rules.

Accordingly, Plaintiff's motion for default should be denied because he failed to obtain an entry of default from the Clerk and because of insufficient service pursuant to Rule 4.

Further, Defendants incorporate by reference all their arguments contained within their separate motion to dismiss because each precludes jurisdiction in this Court, which in turn prevents the award of a default judgment.

**CONCLUSION**

For the foregoing reasons, Defendants Apple Inc. and Timothy Cook respectfully request that this Court deny the Plaintiff's motion for default judgment.

4

Respectfully submitted,

**WESTON HURD LLP**

/s/ *Edward G. Hubbard*
Edward G. Hubbard (0067784)
101 E. Town St. - Suite 500
Columbus, OH 43215
614-280-1125 (direct)
614-280-0204 (fax)
ehubbard@westonhurd.com
*Trial Attorney for Defendants*
*Apple Inc. and Timothy Cook*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, a copy of the foregoing Motion in Opposition of Apple Inc. and Timothy Cook to Motion for Default Judgment was served on the registered ECF participants electronically through the court's ECF System at the e-mail address registered with the Court.

/s/ *Edward G. Hubbard*
Edward G. Hubbard (0067784)