# IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **David Andrew Bardes,** | Case No. 1:25-CV-661 |
| Plaintiff, | Judge Jeffery P. Hopkins |
| vs. | |
| **George Walker Bush, et al.,** | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), Defendants Apple Inc. ("Apple") and Timothy Cook ("Cook") move to dismiss Plaintiff's Complaint on several grounds: Plaintiff has been declared a vexatious litigant by this Court and was required to seek leave prior to filing the instant Complaint, which he failed to do; Plaintiff's action is barred by the doctrine of claim preclusion; the Complaint fails to state a claim upon which relief can be granted Rule 12(b)(6); and/or under Rules 8(a)(2), 12(b)(2), and 4(e) for failure to provide a short and plain statement of the claim, a lack of personal jurisdiction, and insufficient service, respectively.

This Motion is further supported by the accompanying Memorandum of Law in Support, filed contemporaneously herewith and incorporated herein by reference. By making a limited appearance to file this motion, Defendants do not waive service or their personal jurisdiction defense. *See, e.g., Cottrell v. DeVillers*, 2022 U.S. Dist. LEXIS 115605, *23 (S.D. Ohio 2024).

Respectfully submitted,
**WESTON HURD LLP**
/s/ *Edward G. Hubbard*
Edward G. Hubbard (0067784)
101 E. Town St. - Suite 500
Columbus, OH 43215
614-280-1125 (D)/614-280-0204 (F)
ehubbard@westonhurd.com
*Trial Attorney for Defendants Apple Inc. and Timothy Cook*

# IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

David Andrew Bardes,   Case No. 1:25-CV-661

    Plaintiff,   Judge Jeffery P. Hopkins

vs.

George Walker Bush, et al.,

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed the instant Complaint against Defendants Apple, Cook, and 24 other defendants on September 10, 2025. Doc # 1. The docket reflects the filing of multiple affidavits of service on October 14, 2025 (Doc # 11). According to Doc # 11, on or about September 25, 2025, Michael May, a "private process server" claiming to have been duly sworn, states that he was "duly authorized to make service of the documents listed herein in the above-entitled case" and that he completed service by mailing a copy of the summons, complaint, and exhibits to "Timothy Donald Cook, APPLE, Inc.". There is no affidavit purporting to have effected service on Apple Inc.

The Complaint alleges that Plaintiff was subjected to "cold cell hypothermic torture" and shot with a firearm while incarcerated. Doc # 1 at pp. 10-12. Plaintiff further alleges that a cabal of prominent political officials and CEOs has conspired not only to prevent him from obtaining legal redress for his alleged mistreatment, which includes repeated assassination attempts by various branches of the U.S. military, the FBI, and the CIA employing everything from helicopters to machine guns to A-10 Warthogs, and more. To support this claim of conspiracy, Plaintiff relies solely on allegations that Apple visited his website (Doc # 1 at pp. 39) and that Cook and Apple tracked his activities through his iPad and other devices. *Id*. at pp. 30, 53.   Beyond this, the

Complaint contains only the conclusory assertions that these Defendants, along with all other defendants, collectively referred to as "GOG AND MAGOG" (*id.* at pp. 56), intentionally inflicted emotional distress on the Plaintiff, violated his civil rights, and conspired to violate his civil rights. *See*, pp. 57-58.

Plaintiff's factual allegations are substantially the same here as in his prior two failed actions: *Bardes v. United States of America*, No. 1:21-cv-598, Doc # 1-1 (S.D. Ohio 2021), 2021 U.S. Dist. LEXIS 242762, and *Bardes v. Bush et al.*, 1:22-cv-290, Doc # 1 (S.D. Ohio 2022), 2023 U.S. Dist. LEXIS 37424. Significantly, *Bardes v. United States of America* was dismissed with prejudice for failure to state a claim for mandamus, which resulted in the preclusion and dismissal of his similar claims in *Bardes v. Bush et al*. Finally, the Court in *Bardes v. Bush* found Plaintiff's complaint to be legally frivolous, barred him from any future filings absent prior court approval, and warned him that should he file any more frivolous complaints, he would be deemed a vexatious litigant. *Id.*, No. 1:24-cv-701. Plaintiff filed the legally frivolous complaint in this matter without prior review and approval.

**ARGUMENT**

**I.** **The Court Should Dismiss the Complaint as the Plaintiff Failed to Submit it for Prior Review as Required by a Prior Order of this Court.**

In *Bardes v. Bush*, 2023 U.S. Dist. LEXIS 37424, the trial court adopted the Magistrate's Report and Recommendation, which recommended that Plaintiff be required to seek leave of court prior to filing any future lawsuits. In *Bardes v. Bush*, 2023 U.S. App. LEXIS 32004, at *3, the Sixth Circuit affirmed, noting that Plaintiff did not challenge this requirement on appeal.

There is no record of Plaintiff submitting his Complaint to the Court and obtaining leave to file it. Therefore, the Court should dismiss it, as courts do not abuse their discretion when a plaintiff is aware of an order but does not follow it before filing a new complaint. *Smith v. Akron City*

*Council*, 1999 U.S. App. LEXIS 4720, *4-5 (6th Cir. 1999).

II. **Plaintiff's Claims Against Defendants are Barred by the Doctrine of Claim Preclusion.**

The doctrine of claim preclusion or *res judicata* bars a claim that was or could have been raised in a prior proceeding that arose out of the same set of facts, involved the same parties, and was litigated to a final judgment. *Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 766 (6th Cir. 2015) (*citing Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see also Bragg v. Flint Bd. Of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009). The identity of parties is not strictly construed; if a party could have been named, but was not, claim preclusion still applies. *Southall v. Holland*, 2021 WL 396688 at *6 (Mid. Dist. Ct. Tenn. 2021); *see Platsis v. E.F. Hutton & Co., Inc.*, 946 F.2d 38 (6th Cir. 1991) (identity of parties depends on, *inter alia*, whether the plaintiff could have asserted the present claims in the prior proceeding); *see also Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1111 (6th Cir. 1981) ("Federal courts are no longer bound by rigid definitions of the parties or their privies for purposes of applying res judicata or collateral estoppel.")

Naming a new defendant, therefore, does not necessarily defeat claim preclusion. *See Southall,* 2021 WL 396688 at *6; *see also Lucas v. Total Sec. Vision, Inc.*, 2019 WL 5685707 at *9 (S.D. Ohio 2019) (claim preclusion applies when a "lawsuit arises out of the same operative facts with only slight changes to the legal theory asserted or the parties sued"). Nor does the assertion of a new legal theory or prayer for relief; a plaintiff must "advance all theories for every ground of relief in their first action or be forever barred from asserting it." *Lavon Moore v. Hiram Twp.*, 988 F.3d 353, 361 (6th Cir. 2021) (*citing Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 653 N.E.2d 226, 229); *see also Demsey v. Demsey*, 488 F. App'x 1, 4 (6th Cir. 2012).

The doctrine of claim preclusion bars Plaintiff's claims against Defendants because his current factual allegations are substantially the same as those in his prior mandamus action. *See generally*, *Bardes v. United States of America*, No. 1:21-cv-598, Doc # 1-1 (S.D. Ohio 2021). *Bardes v.*

4

*United States of America* was dismissed with prejudice for failure to state a claim for mandamus, and the court certified that any appeal would not be taken in good faith. *Id.*, 2021 U.S. Dist. LEXIS 242762, *6. The fact that the Plaintiff's Complaint here names Tim Cook and Apple as defendants, seeks monetary rather than injunctive relief, and articulates causes of action not contained within the prior pleading does not give the Plaintiff a second chance to litigate here what he could have litigated in *Bardes v. United States of America. See Southall*, 2021 WL 396688 at *6; *Lucas*, 2019 WL 5685707 at *9; *Lavon*, 988 F.3d at 361; *Clemons v. Ohio State Univ.*, 2018 WL 6931871 at *1 (S.D. Ohio 2018); *Ste. Marie v. City of Dayton*, 162 F. Supp. 2d 766, (S.D. Ohio 2001). Plaintiff's Complaint should therefore be dismissed under the doctrine of claim preclusion and under Rule 12(b)(6).

**III.     Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim under 12(b)(6) and Because it Violates Rule 8(a)(2).**

The Sixth Circuit Court of Appeals holds that even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Northampton Rest. Group, Inc. v. FirstMerit Bank, N.A.*, 492 Fed. Appx. 518, 521(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal citations omitted). A claim becomes plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*.

Plaintiff's Complaint identifies four causes of action: intentional infliction of emotional distress, violation of civil rights, and a conspiracy to violate civil rights. *See*, Doc # 1, pp. 57-58. His

allegations, however, fail to state any cognizable claim against these Defendants.[1]

Specifically, the claims against Apple seem to be that a user of an Apple corporate IP address and what Plaintiff terms an "Apple Bot" visited Plaintiff's website at the same time as a "Google Bot" and "Bing Bot." *See* pp. 39. Plaintiff asserts this is evidence of a conspiracy between the "BUSH CEO Defendants" (presumably Cook, Page, and Gates) to quash his prior lawsuit. He fails, however, to explain what an "Apple Bot" is, or how a visit to his public website constitutes wrongdoing, let alone an intentional infliction of emotional distress, a violation of his civil rights, or conspiracy.

The only other potential allegation directed to Apple and Cook is that "ten technology CEOs and billionaires used their company's tools" to track Plaintiff through his iPad and other devices manufactured by the other defendants. But, again, Plaintiff fails to supply any factual detail to support this outlandish accusation or differentiate this claim from the normal connectivity of these devices to Wi-Fi or cellular networks. Furthermore, beyond identifying him as one of the "ten" "CEOs," the Complaint contains no other allegations directed against Defendant Cook. Accordingly, dismissal is warranted for failure to state a claim under Rule 12(b)(6). Similarly, dismissal is warranted under Rules 8.2(a)(2) and (d)(1), which mandate that a complaint contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, and that each allegation is simple, concise, and direct. The plaintiff's Complaint fails to follow these mandates in any respect, including by pleading against all defendants collectively and failing to specify which allegations pertain to which of them and should therefore be dismissed for this independent reason. *See, e.g, Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (dismissing complaint

---

[1] The Defendants incorporate by reference Defendants Meta Platforms, Inc. and Mark Zuckerberg's discussion of: a) the specific elements necessary to state an intentional infliction of emotional distress claim, b) the Plaintiff's failure to allege any basis for the Defendants to be considered state actors and liable for a claim under 42 U.S.C. § 1983, and c) Plaintiff's failure to allege a sufficient claim under 42 U.S.C. § 1983, let alone that he is entitled its protections. *See* Doc # 16, pp. 14-19.

under Rule 8 where it "lumped all the defendants together in each claim and provided no factual basis to distinguish their conduct"); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (dismissing pursuant to Rule 8 where complaint was "written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs . . . ."); *see also, Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. (district court did not err in dismissing plaintiff's claim for failing to allege, with particularity, facts that demonstrate what each defendant did to violate rights).

IV. **Plaintiff's Complaint Should Be Dismissed for Lack of Personal Jurisdiction.**

As evidenced by Plaintiff's affidavit of service purporting to serve Cook at Apple, both Defendants are citizens of the State of California. Doc # 11. Personal jurisdiction over a non-resident defendant served outside the State of Ohio obtains only if (as relevant here) (1) the cause of action either arises out of the defendant's business activity within the state or (2) involves a tortious injury occurring or caused by conduct occurring within the state. *See* Fed. R. Civ. P. 4(k)(1)(a); *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir. 2000) (state law applies to personal jurisdiction analysis in diversity cases); Ohio Rev. Code § 2307.382; *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012) ("[I]t is clear that under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute.").

Plaintiff bears the burden of establishing that personal jurisdiction is properly exercised over each of the Defendants. *Best v. Mobile Streams, Inc.*, 2014 U.S. Dist. LEXIS 142498, *3 (Ohio S.D. 2014). "When a plaintiff seeks to bring a defendant into Court under a long-arm statute, he must state sufficient facts in the complaint to support a reasonable inference that such defendant can be subjected to jurisdiction within the state." *Baltimore & Ohio R. Co. v. Mobile Tank Car Servs.*, 673 F. Supp. 1436, 1439 (N.D. Ohio 1987) (*quoting Block Indus. v. DHJ Indus.*, 495 F.2d 256,

259 (8th Cir. 1974)).

The Complaint is silent as to any basis for personal jurisdiction over Defendants. Indeed, the Complaint contains no allegations specific to Cook, and the only allegations of any conduct on Apple's part specifically is that it visited the Plaintiff's website. But even accepting this allegation as true, an out-of-state defendant's mere act of using a plaintiff's website is insufficient to confer jurisdiction over the defendant, regardless of how many times the website was visited. *Traton News, LLC v. Traton Corp.*, 914 F. Supp. 2d 901, 912 (S.D. Ohio 2012).

The only remaining allegations relating to Defendants in any respect are Plaintiff's broad and undifferentiated claims that Defendants are part of the GOG and MAGOG conspiracy. A court, however, cannot exercise personal jurisdiction over a particular defendant based on allegations that fail to distinguish among a group of defendants. *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 397 (S.D.N.Y. 2021).

The Complaint should therefore be dismissed for lack of personal jurisdiction pursuant to 12(b)(2) as Plaintiff has failed to meet his burden to allege, let alone establish that the cause of action arose out of the Defendant's business activities within Ohio or to specifically allege conduct by the Defendants within Ohio causing a tortious injury. *See* Fed. R. Civ. P. 4(k)(1)(a) and 12(b)(6); Ohio Rev. Code § 2307.382; *Conn*, 667 F.3d at 718.

### V. **Plaintiff's Complaint Should Be Dismissed for Insufficient Service of Process.**

Defendants incorporate by reference the arguments in their Memorandum in Opposition to Plaintiff's Motion for Default Judgment in support of their claim that the Complaint should be dismissed for insufficient service of process under Rule 12(b)(5).

### CONCLUSION

For the foregoing reasons, Defendants Apple Inc. and Timothy Cook respectfully request that this Court enter an order dismissing Plaintiff's Complaint against them with prejudice, based on the

8

failure to submit the pleading to the Court before filing it, the doctrine of claim preclusion, and Rules 8(a)(2), 12(b)(6), 12(b)(2), and/or 12(b)(5), and for such other relief as the Court deems just and proper.

Respectfully submitted,

**WESTON HURD LLP**

*/s/ Edward G. Hubbard*
Edward G. Hubbard (0067784)
101 E. Town St. - Suite 500
Columbus, OH 43215
614-280-1125 (direct)
614-280-0204 (fax)
ehubbard@westonhurd.com
*Trial Attorney for Defendants Apple Inc. and Timothy Cook*

## LOCAL RULE 7.1(F) CERTIFICATION

In accordance with Local Rule 7.1(f) of the United States District Court for the Southern District of Ohio, I certify that this memorandum adheres to the 20-page limit for memoranda in support of dispositive motions for standard cases.

*/s/ Edward G. Hubbard*
Edward G. Hubbard (0067784)

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, a copy of the foregoing *Motion to Dismiss* was served on the registered ECF participants, electronically through the court's ECF System at the e-mail address registered and via US Mail upon:

David Andrew Bardes, *Pro Se*
3522 Kimberly Drive, Apt. #8
Erlanger, KY 41018
828-577-4980
davidbardes@yahoo.com
*Plaintiff*

*/s/ Edward G. Hubbard*
Edward G. Hubbard (0067784)