IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID ANDREW BARDES,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE WALKER BUSH et. al.,<br><br>Defendants. | Case No. 1:25-cv-00661<br><br>**Judge Jeffery P. Hopkins**<br><br>**DEFENDANTS META PLATFORMS, INC.'S AND MARK ZUCKERBERG'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

Meta Platforms, Inc. ("Meta") and Mark Zuckerberg's (collectively, the "Meta Defendants") Motion to Dismiss ("Motion" or "Mot.") demonstrated that Plaintiff's rambling claims against the Meta Defendants fail for multiple independent reasons: (1) this Court lacks personal jurisdiction over the Meta Defendants; (2) the Complaint fails to satisfy the pleading requirements under Rule 8; and (3) Plaintiff does not state a claim under any of his asserted legal theories. Nothing in Plaintiff David Andrew Bardes's Memorandum in Opposition to the Meta Defendants' Motion to Dismiss ("Opposition" or "Opp.") compels a different result. Rather, the Opposition doubles down on Plaintiff's outlandish allegations and only reinforces why this case should be dismissed without leave to amend. Plaintiff's Opposition largely reiterates his unsubstantiated and conclusory allegations against the Meta Defendants while also raising new speculative and incomprehensible allegations without meaningfully addressing the Meta Defendants' dismissal arguments. Like Plaintiff's prior actions based on the same allegations, Plaintiff's "story has no legal merit and no plausible basis in reality." Opinion and Order Largely Adopting Report and Recommendation Dismissing Complaint at 2, *Bardes v. Bush et al.*, 1:22-cv-290, Dkt. 33 (S.D. Ohio Mar. 6, 2023). Because Plaintiff's Opposition fails to rebut any of the independent grounds warranting dismissal here, Plaintiff's Complaint should be dismissed as to the Meta Defendants without leave to amend.

## I. The Meta Defendants Are Not Subject to Personal Jurisdiction in Ohio

### A. General Jurisdiction Is Lacking.

As the Meta Defendants showed, Plaintiff's Complaint must be dismissed for lack of personal jurisdiction. Mot. at 5-8. Plaintiff does not appear to contest that general jurisdiction is lacking. Opp. at 4. Nor could he, because Meta is incorporated in Delaware with its principal place of business in Menlo Park, California, and Mr. Zuckerberg resides in California with no

alleged connection to Ohio. *See* Mot. At 5-6. Plaintiff makes no argument to the contrary and therefore concedes that general jurisdiction is lacking as to the Meta Defendants. *Showman v. Q Corp. Holdings*, *LLC* No. 1:23-cv-986, 2024 WL 2083518, at *6 (N.D. Ohio May 9, 2024) ("By failing to respond" to an argument in his opposition, plaintiff "effectively concedes th[e] argument").

### B. Specific Jurisdiction Is Lacking.

Nor is there specific jurisdiction over the Meta Defendants. Mot. at 5-8. Plaintiff's argument that specific jurisdiction is appropriate under Ohio Rev. Code § 2307.382(A)(3) of Ohio's long-arm statute is unsupported by his allegations. Opp. at 4. Section 2307.382(A)(3) provides for personal jurisdiction "as to a cause of action arising from the person's. . . [c]ausing tortious injury by an act or omission in this state." As the Motion already explained, the only specific factual allegations in the Complaint regarding the Meta Defendants are that Mr. Zuckerberg purportedly gave China full access to Facebook and that Meta purportedly conspired with China to "censure" Plaintiff's Facebook pages. Mot. at 7-8; Compl. ¶¶ 170; 192. Nothing in Plaintiff's Complaint identifies any specific action taken by either Meta or Mr. Zuckerberg within the state of Ohio, as would be required for a court to exercise personal jurisdiction Ohio's long-arm statute. *See Newton v. Kardashian*, No. 1:24-cv-027, 2024 WL 4544328, at *6 (N.D. Ohio Oct. 22, 2024) (finding that §2307.382(A)(3) "does not apply" where "Plaintiff alleges he suffered an injury in Ohio, but [] does not allege that Defendants committed any acts or omissions in Ohio").

Plaintiff's Opposition attempts to resist this result by inserting new meritless allegations that Mr. Zuckerberg "us[ed] META's tools for long surveillance and conspir[ed] to hire killers to come into Ohio. . . to kill [plaintiff] in Ohio[.]" Opp. at 4. Not only are these allegations inflammatory, implausible, and unsupported by any facts, they must also be disregarded because

3

they were not in the Complaint. *Bryant v. Collins*, No. 1:25-cv-166, 2025 WL 2840755, at *6 (N.D. Ohio Oct. 7, 2025) (declining to consider new allegations raised in plaintiff's opposition brief because "an opposition brief is not the proper procedural vehicle for amending a pleading" and "the Court cannot consider [plaintiff's] new allegation its evaluation of her Amended Complaint"); *Crawford v. Lawrence,* No.1:23-cv-192, 2024 WL 169110, at *5 (S.D. Ohio Jan. 16, 2024) (holding that "the court may not consider the new factual allegations or supporting exhibits in [Plaintiff's] response when ruling on the Motion to Dismiss"). Moreover, Plaintiff's entirely baseless new allegations regarding a broad conspiracy to hire killers targeting him in Ohio are the same as those that this Court found to be "factually frivolous" in another matter such that they can be disregarded, even at the pleading stage. *See Bardes v. Bush*, No. 1:22-cv-290, 2023 WL 2364664, at *8 (S.D. Ohio Mar. 6. 2023) (finding that nearly identical allegations made by Bardes that "a conspiracy of powerful actors trying to cover up their misdeeds against him" were "quintessential examples of fanciful factual allegations" that "stand genuinely outside the common experience of humankind"); *see also Marshall v. Stengel*, No. 3:10-cv-159, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) (dismissing complaint "as factually frivolous" where complaint was "nothing more than a collection of totally unsubstantiated events compiled by an individual who believes that various things are occurring to her, which simply are illogical and delusional"). Accordingly, Plaintiff's unsubstantiated and implausible allegations that the Meta Defendants participated in a conspiracy targeting him in Ohio are not sufficient to establish personal jurisdiction over either Meta Defendant. *See Dennis v. Zuckerberg*, No. 4:17-cv-670, 2017 WL 3873761, at *2 (N.D. Ohio Sept. 5, 2017).

Plaintiff's passing invocation of *Calder v. Jones*, 465 U.S. 783 (1984) is similarly unpersuasive. Opp. at 4. In *Calder*, the Supreme Court found personal jurisdiction existed in

California over Florida-based reporters who published an allegedly libelous article about a California resident because they engaged in intentional, tortious conduct specifically directed at the forum state and its resident, including gathering information from California sources and contacting the plaintiff's family in California. *Calder*, 465 U.S. at 785-86. The Court emphasized that the defendants were "primary participants in an alleged wrongdoing intentionally directed at a California resident," and that California was the "focal point both of the story and of the harm suffered." *Id*. at 789-90. In contrast, the only specific allegations that Plaintiff raises against the Meta Defendants (that they gave China access to Facebook to "censure" U.S. Citizens and visitors to Plaintiff's Facebook pages, *see* Compl. ¶¶ 170; 192), have no apparent connection to Ohio. Nor does Plaintiff explain how these allegations support specific jurisdiction in Ohio.

Accordingly, this Court cannot exercise personal jurisdiction over the Meta Defendants, and the Complaint therefore should be dismissed under Rule 12(b)(2).

## II. **Plaintiff Fails to Identify Specific Factual Allegations Against the Meta Defendants**

The Motion established that Plaintiff's Complaint should be dismissed because the threadbare allegations as to the Meta Defendants are so nonspecific and disjointed that they fail to satisfy Rule 8. Mot. at 9-10. In his Opposition, Plaintiff appears to attempt to bolster his unsubstantiated allegations that the Meta Defendants purportedly conspired with China by pointing to a separate filing he made in a related case as support for the claim. *See* Opp. at 2 (citing to "Objections and Sounding Alarm over Threats to the National Security of the United States," Dkt. 15, *Bardes v. Cole*, No. 1:24-cv-701 (filed May 19, 2025)). According to Plaintiff, this document "contains the actual website log file[]" which "proves [Mr. Zuckerberg] gave China *'full control'* over Facebook to monitor Facebook postings." Opp. at 2. Plaintiff also points to excerpts of Exhibit B to his Complaint, which is a nearly 3,000-page document purportedly containing

"website log evidence of two viral runs on Facebook" that he claims somehow establish that Mr. Zuckerberg "alerted Sarah Palin," George W. Bush and "China, to bring an end to the viral runs." Opp. at 3. However, Plaintiff's reliance on these voluminous and incoherent exhibits and other filings do not suffice to comply with Rule 8's requirement that the Complaint contain succinct and direct statements placing the Meta Defendants on fair notice of the claim and the grounds on which it rests. *See* Mot. at 9; *see also Heinz v. HSBC Mortg. Servs., Inc.*, No. 5:21-cv-542, 2021 WL 4942198, at *2 (N.D. Ohio Oct. 22, 2021) ("Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief") (internal quotations omitted).

Moreover, the exhibits and filings referenced in the Opposition do not meaningfully support or clarify Plaintiff's incoherent allegations; to the contrary, they make Plaintiff's Complaint more difficult to decipher. As established in the Meta Defendants' Motion, Rule 8 requires "more than 'labels and conclusions' or 'naked assertion[s]'" and requires "each allegation in the complaint [to] be 'simple, concise, and direct.'" Mot. at 9. Although Plaintiff asserts that the website logs in Exhibit B show that Mr. Zuckerberg "gave China '*full control*' over Facebook, it is unclear how the logs support that allegation and impact the legal sufficiency of his claims. Plaintiff's Opposition argues that the logs purportedly show that Mr. Zuckerberg personally visited his website and then "alerted Sarah Palin, the bad actors at the FBI, and China[,]" but this assertion does not appear anywhere in his Complaint. Moreover, Plaintiff himself alleged in a previous, related matter, when introducing these same website log entries that "the actual identity of the visitor [to his website] is unknown" and "all the identities [in the log] are in my opinion." Complaint, *Bardes v. Bush*, Dkt. 1, No 1:22-cv-290, (filed May 26, 2022). Accordingly, Plaintiff's

6

baseless allegations against the Meta Defendants fail to contain simple and direct factual allegations against them sufficient to comply with Rule 8 and must be dismissed on that ground.

### III. Plaintiff Fails to State a Claim Under Rule 12(b)(6)

The Meta Defendants' Motion demonstrated that Plaintiff's three causes of action raised against them should be independently dismissed under Rule 12(b)(6). Plaintiff does not meaningfully respond to Meta's arguments in his Opposition, stating only that he "clearly stated a claim and did so concisely," without any elaboration. Opp. at 5. Each of the three causes of action raised by Plaintiff against the Meta Defendants should thus be dismissed. *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) (finding that plaintiff "abandoned [] claims by failing to raise them in his brief opposing the [] motion to dismiss the complaint").

#### A. Plaintiff Fails to State a Claim For IIED.

The Meta Defendants' Motion demonstrated that Plaintiff's IIED claim under Ohio law fails for numerous reasons. The Opposition does not expressly address or reference the merits of Plaintiff's IIED claim. To the extent that Plaintiff's Opposition seeks to rely on his newly raised and unsubstantiated allegations that the Meta Defendants "us[ed] META's tools for long surveillance and conspir[ed] to hire killers" (Opp. at 4) to support his IIED claim, these allegations should be disregarded, both because they are not alleged in his Complaint, and because they are conclusory allegations devoid of any factual basis. *See Gamler v. Bulford*, 959 F.2d 559, at *1 (6th Cir. 1993) ("broad-based and conclusory allegations of conspiracy, unsupported by specific facts, need not be accepted as true for Rule 12(b)(6) purposes").

### B. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983.

Plaintiff's Section 1983 claim fails because neither Meta Defendant is a state actor. Mot. at 14. Nor does Plaintiff not allege any facts establishing how the Meta Defendants violated any of his constitutional rights. Mot. at 14-15.

Plaintiff's Opposition does not contest these arguments and thus concedes them. *Bredesen*, 507 F.3d at 1007. Although the Opposition alludes to state action by claiming – without factual support – that the Meta Defendants acted in conspiracy with "governmental bad actors [who] were acting '*under color of law,*'" Opp. at 5, this is insufficient to establish state action. Mot. at 14. As with the Complaint, the Opposition does not provide any basis to suggest that the Meta Defendants themselves were acting under color of law, nor does it identify any connection between the Meta Defendant and any of the unspecified "governmental bad actors" referenced in Plaintiff's claims. Plaintiff's failure to establish the state action requirement dooms his Section 1983 claims.

### C. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1985.

Meta's Motion demonstrated that 42 U.S.C. § 1985 does not apply to the conduct alleged in the Complaint and thus Plaintiff's claim under the statute should be dismissed. Mot. at 16-17. In so doing, the Motion established that Plaintiff does not allege that he is a member of a protected class or that any conduct by the Meta Defendants was taken with a discriminatory intent, as required to state a claim under Section 1985. Mot. at 17. Plaintiff does not contest these arguments, thereby conceding them. *Bredesen*, 507 F.3d at 1007.

**IV.     Conclusion**

For the foregoing reasons, and the reasons stated in the Motion, the Meta Defendants respectfully request that the Court dismiss Plaintiff's Complaint against them without leave to amend.

Respectfully submitted,

*/s/Alexander R. Foxx*
Kip T. Bollin (0065275)
Alexander R. Foxx (0098969)
THOMPSON HINE LLP
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Phone: (513) 352-6597
Fax: (513) 241-4771
Email:  Kip.Bollin@thompsonhine.com
Alexander.Foxx@thompsonhine.com

Bradley A. Marcus (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Tel: (202)-349-8400
Fax: (202) 339-8500
Email: bmarcus@orrick.com

*Attorneys for Defendant Meta Platforms, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Defendants Meta Platforms, Inc.'s and Mark Zuckerberg's Reply In Support of Motion to Dismiss* has been served upon the following person, via regular U.S. Mail, postage prepaid, this 20th day of November 2025:

>David Andrew Bardes
>3522 Kimberly Dr, Apt. 8
>Erlanger, KY 41018
>
>*Plaintiff*

>/s/Alexander R. Foxx
>Alexander R. Foxx