UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID ANDREW BARDES, | : |
| | : Case No. 1:25-cv-00661 |
| Plaintiff, | : |
| | : |
| v. | : Judge Jeffrey P. Hopkins |
| | : |
| GEORGE WALKER BUSH, et al. | : |
| | : |
| Defendants. | : |

## DEFENDANTS LAWRENCE PAGE AND ALPHABET INC.'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b) (1), (2), and (6), Defendants Alphabet Inc. ("Alphabet") and Lawrence Page ("Page," and together with Alphabet, the "Alphabet Defendants") move to dismiss the claims asserted against them by Plaintiff in his Complaint with prejudice.[1] Plaintiff has failed to demonstrate that this Court has jurisdiction over the Alphabet Defendants and has also failed to comply with Fed. R. Civ. P. 8. Additionally, the Complaint fails to state a claim upon which relief can be granted. A memorandum in support is attached.

Respectfully submitted,

/s/ Anthony L. Osterlund
Anthony L. Osterlund (0071086)
   *Trial Attorney*
Alexander X. Shadley (0100801)
Vorys Sater Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Telephone/Facsimile: (513) 723-4678
alosterlund@vorys.com
axshadley@vorys.com

*Counsel for Defendants Alphabet Inc. and Lawrence Edward Page*

---

[1] The Alphabet Defendants dispute that either of them has been properly served with a copy of the summons and complaint and reserve the right to contest service.

1

**MEMORANDUM IN SUPPORT**

I.    **PRELIMINARY STATEMENT**

Plaintiff's *pro se* complaint sets forth a fantastical tale of alleged retaliation by a former president, the CIA, and other government and corporate actors. Although the substance of the Complaint is difficult to understand, it is clear that multiple pleading deficiencies plague the Complaint such that dismissal is warranted. Plaintiff has failed to establish that this Court has personal jurisdiction over the Alphabet Defendants. Neither Alphabet nor Page are domiciled in Ohio, and the Complaint fails to include any allegations that either had any contacts with Ohio related to the at-issue conduct. Additionally, even if the Court could exercise personal jurisdiction, the Complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 8 because Plaintiff lumps his claims together against multiple defendants referred to generally as "GOG AND MAGOG," and fails to include individualized facts supporting the claims against specific defendants, thus requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Even if these fatal pleading deficiencies are put aside, Plaintiff's claims still fail on the merits. The sum total of Plaintiff's allegations against the Alphabet Defendants (construed liberally) is that Alphabet suppressed his website by briefly removing it from its favorable Google search-results position, that Page allegedly visited Plaintiff's public website, and that Page attended a meeting about his website. These allegations fail to state a claim for relief against the Alphabet Defendants, and dismissal with prejudice is warranted.

II.    **BACKGROUND**

    **A. Plaintiff's Complaint**

Plaintiff alleges causes of action against a collection of defendants he refers to as "GOG AND MAGOG," which include current and former U.S. government officials—such as the current

President of the United States and former U.S. presidents—U.S. government agencies, and technology companies and their CEO's, including the Alphabet Defendants. (*See* Complaint ("Compl.") ECF No. 1 at PageID 46-49). Plaintiff's claims arise from his arrest and imprisonment following a conviction for failing to pay child support in South Carolina in 2006. (*Id.* at PageID 10-11). While imprisoned, Plaintiff asserts he was subjected to "cold cell torture" forcing him into a two-day coma during which he was shot with a gun by either the Sheriff or prison doctor. (*Id.* at PageID 11-12). After his release from prison, Plaintiff alleges he created a website to track "cold cell torture," which purportedly resulted in a wide-ranging conspiracy led by former President George W. Bush to retaliate against him for his writings. (*Id.* at PageID 15). Although Plaintiff has named Page and Alphabet as defendants, the only allegations in the Complaint specific to them assert that Alphabet purposely kept visitors away from his website (*id.* at PageID 53) and that Page visited Plaintiff's website and attended a meeting related to his website. (*Id.* at PageID 38).

Plaintiff asserts three causes of action against the Alphabet Defendants: (1) intentional infliction of emotional distress, (2) violation of his civil rights pursuant to 42 U.S.C. § 1983, and (3) conspiracy to violate his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id.* at PageID 57-59). The same causes of action are asserted against the collection of defendants Plaintiff refers to as "GOG AND MAGOG" without specifying individual allegations against each defendant. (*Id.*).

### B. Plaintiff's Prior Lawsuits

The instant complaint is the latest in a series of complaints filed by Plaintiff stemming from his alleged cold cell torture and the subsequent alleged conspiracy targeting him and his website. In the Southern District of Ohio alone, Plaintiff has filed three lawsuits alleging nearly identical allegations over the past four years, including one against the same Alphabet Defendants. *See* Writ

of Mandamus, *Bardes v. United States of America*, No 1:21-cv-598, ECF No. 1-1 (S.D. Ohio Sept. 20, 2021); Complaint, *Bardes v. Bush et al.,* 1:22-cv-290, ECF No. 1 (S.D. Ohio. May 26, 2022)[2]; Complaint, *Bardes v. Cole et al.,* No. 1:24-cv-701, ECF No. 1 (S.D. Ohio Dec. 9, 2024). All of these cases are based on similar operative facts, but Plaintiff has added certain defendants and legal claims with each new complaint.

Plaintiff's 2021 and 2022 complaints were dismissed for failure to state a claim. *See* Order Adopting Report and Recommendation, *Bardes v. United States of America*, No. 1:21-cv-598, ECF No. 6 (S.D. Ohio Mar. 10, 2022); Order Partially Adopting Report and Recommendation, *Bardes v. Bush et al.,* 1:22-cv-290, ECF No. 33 (S.D. Ohio Mar. 6, 2023). In Plaintiff's 2022 action the Court warned Plaintiff that "submitting any additional objectively frivolous filings may result in the Court declaring him a vexatious litigator." Order Partially Adopting Report and Recommendation, *Bardes v. Bush et al.,* 1:22-cv-290, ECF No. 33 at 801 (S.D. Ohio Mar 6, 2023). In Plaintiff's 2024 action, which included claims against a number of U.S. District Court judges involved in Plaintiff's prior cases, defendants United States District Court Judge Douglas R. Cole, Chief Magistrate Judge Stephanie K. Bowman, and United States Magistrate Judge Karen L. Litkovitz filed a motion to dismiss and to declare Bardes a vexatious litigator on February 26, 2025, which is currently pending. Motion, *Bardes v. Cole, et al.,* No. 1:24-cv-791, ECF No. 13 (S.D. Ohio Feb. 26, 2025).

---

[2] In the 2022 matter, Plaintiff alleged, like his allegations in this case, that Page visited Plaintiff's website, and that Google removed Plaintiff's website from first place search result position. *Bardes v. Bush*, No. 1:22-cv-290, ECF No. 1 at PageID 6. The Court dismissed the Alphabet Defendants from that matter. *See* Order Partially Adopting Report and Recommendation, *Bardes v. Bush et al.,* 1:22-cv-290, ECF No. 33 (S.D. Ohio Mar. 6, 2023).

### III. LAW AND ARGUMENT

#### A. Plaintiff's Complaint Must Be Dismissed Because This Court Lacks Subject Matter Jurisdiction.

The Complaint must be dismissed because this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Courts lack subject matter jurisdiction over an action when a complaint is "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is frivolous "where it lacks an arguable basis either in law or in fact" and is factually frivolous when it contains "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In such circumstances, dismissal is proper and "the district court need not afford the plaintiff an opportunity to amend the complaint…[.]" *Russell v. Garrard*, 83 F. App'x 781, 782 (6th Cir. 2003).

Plaintiff claims he was subjected to exotic torture methods leading to being shot while in a coma, that the government has conspired to target him related to his website, and that the most powerful tech companies and CEO's in America have worked together with the government to suppress his website. (Compl. at PageID 11, 26-27, 30). Courts in this Circuit have found allegations similar to Plaintiff's to be factually frivolous—including allegations that (1) the "deep state" surveilled and brainwashed a plaintiff and his wife, *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 2059866, at *2 (E.D. Mich. Apr. 29, 2020); (2) various unnamed parties molested and tortured a plaintiff using biomedical treatments, *Bartlett v. Kalamazoo Cnty. Cmty. Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1-2 (6th Cir. Aug. 22, 2018); (3) defendants conspired to cover up evidence of government officials targeting a plaintiff, *Marshall v. Stengel*, No. 3:10-cv-159-S, 2010 WL 1930172, at *1-2 (W.D. Ky. May 12, 2010); and (4) the government surveilled and tortured a plaintiff, *Marshall v. Huber*, No. 3:09-cv-54-S, 2009 WL 1904337, at *1-

5

2 (W.D. Ky. July 1, 2009). Like the allegations in those cases, Plaintiff's claims are frivolous and devoid of merit, and his Complaint must be dismissed with prejudice.

### B. Plaintiff's Complaint Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over The Alphabet Defendants.

Even if Plaintiff's claims are considered by the Court, Plaintiff has failed to establish that the Alphabet Defendants are subject to personal jurisdiction in Ohio. A Court may assert general jurisdiction over a nonresident defendant only when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). Here, Plaintiff merely asserts that the Court has jurisdiction due to "Diversity of the Parties . . . and Federal Question." (Compl. at PageID 4). Plaintiff does not allege ***any*** facts establishing that Alphabet's "operations in [Ohio] may be so substantial and of such a nature as to render [Alphabet] at home in [Ohio]." *BNSF Ry. Co. v. Tyrell*, 581 U.S. 402, 403 (2017). Nor has Plaintiff asserted that Page is somehow at home in Ohio. As such, the Court lacks general jurisdiction over the Alphabet Defendants.

Nor does the Court have specific jurisdiction over the Alphabet Defendants, which exists where "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Specific jurisdiction exists only where a defendant has purposefully directed activities at and established "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Additionally, the litigation must "arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Here, there is no basis for the Court to exercise specific jurisdiction over the

Alphabet Defendants. Plaintiff does not allege any specific conduct by Alphabet or Page targeted to Ohio, or that either of them have a substantial connection to Ohio. (*See generally*, Compl.). Plaintiff's allegations against the Alphabet Defendants are limited to Plaintiff's claim that he emailed Page to request that his website receive preferential search results position (*see* Compl. at PageID 30), that an IP address from Alphabet visited his website (*id.*), that Alphabet kept visitors away from his website (*id.* at PageID 53), and that Judge Douglas R. Cole had a website meeting with Page (among other defendants). (*Id.* at pageID 38). None of these allegations relate to the Alphabet Defendants' contacts with Ohio, and dismissal is appropriate under Fed. R. Civ. P. 12(b)(2).

**C. Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted.**

**1. The Complaint Fails To Comply With Fed R. Civ. P. 8.**

The Complaint fails to satisfy the pleading standards outlined in Fed. R. Civ. P. 8. Under that rule, a plaintiff must provide defendants "adequate notice of the claims against them and the grounds upon which each claim rests" and separate causes of action into distinct counts. *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-393 (6th Cir. 2020). In contravention of these rules, Plaintiff asserts his claims against a collection of defendants cryptically referred to as "GOG AND MAGOG." (Compl. at PageID 56-59). Additionally, each claim is supported by one long paragraph including a laundry list of supposed wrongdoing by defendants "acting individually and in concert." (*Id.* at PageID 57-59). But the supposed wrongdoing—including threats, physical violence, oppression, bribery, and attempts to kill plaintiff— is not specific to any one defendant. (*Id.*). By including each of his claims in a single paragraph aimed at a collection of individuals and entities, Plaintiff has made it "virtually impossible…to know which allegations of fact are intended to support which claims for relief." *King v. G4S Secure Sols. (USA) Inc.*, Case No. 1:18-cv-448,

7

2019 WL 858672, *4 (N.D. Ohio Feb. 22, 2019) (granting defendant's 12(b)(6) motion to dismiss, in part, because claims were "too tenuous and implausible"). This sort of "shotgun pleading" is violative of the Fed. R. Civ. P. 8, and Plaintiff's Complaint must be dismissed. *See Lee,* 951 F.3d at 393 (6th Cir. 2020) (granting motion to dismiss because plaintiff violated Rules 8).

### 2. The Complaint Fails To State A Claim Against The Alphabet Defendants.

Additionally, the Complaint must be dismissed as to the Alphabet Defendants because Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts stating a claim that rises above speculation and is plausible on its face. *Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). A claim "has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Healthcare Facility Mgmt. LLC v. Malabana*, No. 1:23-cv-236, 2024 WL 418978, *3 (S.D. Oh. Feb. 5, 2024). Plaintiffs must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss, and a pleading that offers a "formulaic recitation of the elements of a cause of action will not do." *Id.* As a *pro se* litigant, Plaintiff's Amended Complaint is "subject to less stringent standards than formal pleadings filed by attorneys." *Crawford v. Law Offices of Brett Borland*, Case No. 1:23-cv-191, 2024 WL 187825, *3 (S.D. Oh. Jan. 12, 2024). However, Plaintiff must "still comply with the procedural rules that govern civil cases" and the liberal treatment he is afforded "does not require lenient treatment of substantive law." *Id.* (internal quotations omitted). As described below, each of Plaintiff's claims against the Alphabet Defendants fails as a matter of law.

> i. *Plaintiff Fails To State A Claim For Intentional Infliction Of Emotional Distress.*

Plaintiff fails to state a claim for intentional infliction of emotional distress ("IIED"). Under

Ohio law, the elements of an IIED claim are (1) "the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it." *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008).

As an initial matter, the purported support for Plaintiff's IIED claim is unrelated to Alphabet's alleged conduct. Plaintiff's IIED claim is based on defendants' alleged attempts to kill or physically harm Plaintiff. (Compl., at PageID 57, ¶ 202). Plaintiff's allegations against the Alphabet Defendants, however, are limited to their alleged efforts to suppress his website, Page's alleged receipt of an email from Plaintiff, and Page's alleged "website meeting" with Judge Douglas R. Cole. (*Id.*, at PageID 30, 38, 53). Thus, they do not relate to physical harm or any attempt to kill Plaintiff, and therefore cannot support Plaintiff's IIED claim.

Additionally, Plaintiff fails to satisfy several of the elements for his IIED claim. For instance, he fails to explain how the Alphabet Defendants' alleged conduct—an alleged "website meeting" and suppression of his website— constitutes extreme or outrageous conduct for purposes of an IIED claim. *See Adelson v. Ocwen Loan Servicing, LLC*, No. 20-2204, 2023 WL 1305100, *7 (6th Cir. Jan. 31, 2023) (affirming dismissal of IIED claim because plaintiff "did not make any specific allegations of extreme and outrageous conduct in the complaint"). Plaintiff also fails to allege how the Alphabet Defendants' conduct resulted in any cognizable injury or, that that conduct was the proximate cause of his injury. As such, Plaintiff has failed to allege any factual support for his IIED claim, and his claim must be dismissed as to the Alphabet Defendants.

9

### ii. *Plaintiff Fails To State A Claim Under 42 U.S.C. § 1983.*

In Count II, Plaintiff asserts the Alphabet Defendants deprived him of the right to life and liberty, of the right to petition the government and access courts, and of the right to due process. (Compl., at PageID 58). The Sixth Circuit has recognized that in order to prevail on a civil rights action under Section 1983, "a plaintiff must show that he was denied a constitutional right, and that the deprivation was caused by defendants acting under color of state law." *Warman v. Mount St. Joseph Univ.*, 144 F. 4th 880, 889 (6th Cir. 2025).

Plaintiff's claim fails as to the Alphabet Defendants for two reasons. First, neither Page nor Alphabet is a state actor. Plaintiff does not even allege that the Alphabet Defendants are state actors such that 42 U.S.C. § 1983 is applicable. (*See generally*, Compl.). Plaintiff's conclusory allegation that Defendants acted under color of law (*see* Compl. at PageID 58) is completely unsupported and therefore insufficient to support a claim under the statute. *See Gipson v. NVR, Inc.*, No. 1:23-cv-712, 2024 WL 1765512, *2 (N.D. Ohio Apr. 24, 2024) (holding that plaintiff fails to plausibly allege a Section 1983 claim where "[t]here are no allegations in plaintiff's complaint reasonably suggesting that the private entities plaintiff names as defendants engaged in conduct that could be construed as state action").

Additionally, Plaintiff's claims that his constitutional rights have been violated are completely unrelated to his allegations against the Alphabet Defendants. Plaintiff's Section 1983 claim is based on the defendants' supposed bribery of federal judges and their recruitment of killers to silence him. (Compl. at PageID 58). Plaintiff fails to allege that Page or Alphabet participated in either of these activities, and instead asserts only that the Alphabet Defendants attempted to suppress his website and had a "website meeting" with Judge Douglas R. Cole. (*Id.* at PageID 53). Plaintiff fails to allege a connection between the Alphabet Defendants' supposed conduct and the violation of his constitutional rights, and his Section 1983 claim fails as a matter of law. *See, e.g.*

*Goon v. Leist,* No. 3:24-cv-1837, 2025 WL 387937, *2 (N.D. Ohio Feb. 3, 2025) (dismissing Section 1983 and holding that where "individuals are named as defendants . . . without cogent, specific allegations of misconduct against them in the body of a complaint, the complaint is subject to dismissal even under the liberal construction afforded *pro se* plaintiff").

        iii.        <u>Plaintiff Fails To State A Claim Under 42 U.S.C. § 1985.</u>

Plaintiff also asserts a claim under 42 U.S.C. § 1985, alleging the defendants conspired "to obstruct justice by bribing federal judges" and to "injure, oppress, threaten, and intimidate Plaintiff by recruiting killers to silence him." (Compl. at PageID 58). While Plaintiff does not identify which sub-section of Section 1985 has purportedly been violated, the Alphabet Defendants construe his claim as falling under sub-section (3), related to the deprivation of rights or privileges. To state a claim under Section 1985(3), Plaintiff must establish "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in their person or property or deprived of any right or privilege of a citizen of the United States." *Webb v. United States*, 789 F. 3d 647, 671-72 (6th Cir. 2015). Claims under Section 1985 require "allegations of class-based, invidiously discriminatory animus . . . based upon race or other inherent personal characteristics." *Id.* at 672.

The Complaint fails to meet this bar. First, Plaintiff fails to allege that the Alphabet Defendants were part of a conspiracy. Instead, Plaintiff alleges only that Alphabet "purposely kept visitors away from [his] Google suppressed websites to conceal their crimes" (*see* Compl. at PageID 53), and that Page had a "website meeting" with Judge Douglas R. Cole, William Henry Gates, the CIA, and someone in Seattle, Washington about Plaintiff and his websites. (*Id.* at PageID 38). There are no allegations that the Alphabet Defendants conspired with another party,

and Plaintiff's claim fails on this basis alone. *See, e.g. Kanu v. City of Cincinnati*, No. 1:19-cv-156, 2021 WL 779078, *19 (S.D. Ohio Mar. 1, 2021) (finding that plaintiff "failed to plead specific facts to support a conspiracy claim under" Section 1985 because complaint included only conclusory allegations of conspiracy "untethered from any context as to where, between exactly whom, or why these agreement[s] were made").

Even if Plaintiff could clear this hurdle, he fails to allege he is a member of a protected class, or that the Alphabet Defendants alleged conduct was undertaken with discriminatory animus. Again, Plaintiff's allegations against the Alphabet Defendants make up a tiny fraction of his 207-paragraph Complaint, and are limited to the alleged suppression of his website and Page's alleged meeting with others "with the topic of their meeting being [Plaintiff and his] websites." (Compl. at PageID 53). There is no allegation that the Alphabet Defendants had a discriminatory intent toward Plaintiff as a member of a racial or otherwise suspect class, and Plaintiff's Section 1985 claim fails as a matter of law. *See Kanu*, 2021 WL 779078, at *19 (dismissing Section 1985 claim because "plaintiff has made no allegations that the defendant's actions were in any way motivated by racial or class-based animus or an intent to deprive plaintiff of the equal protection of the laws"). Plaintiff thus fails to state a claim upon which relief can be granted for this count or any of his counts, against the Alphabet Defendants.

## IV.    CONCLUSION

For all the foregoing reasons, the Alphabet Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/ Anthony L. Osterlund*
Anthony L. Osterlund (0071086)
   *Trial Attorney*
Alexander X. Shadley (0100801)
Vorys Sater Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Telephone/Facsimile: (513) 723-4678
alosterlund@vorys.com
axshadley@vorys.com

*Counsel for Defendants Alphabet Inc. and Lawrence Edward Page*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all parties and counsel registered with ECF. In addition, Plaintiff has been served by email and regular mail as follows:

David Andrew Bardes
3522 Kimberly Drive, Apt. 8
Erlanger, KY 41018
davidbardes@yahoo.com

                                      */s/ Anthony L. Osterlund*
                                      Anthony L. Osterlund