UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DAVID ANDREW BARDES,**

    **Plaintiff,**

  v.                                    Civil Action 1:25-cv-661
                                             Judge Jeffery P. Hopkins
                                             Magistrate Judge Chelsey M. Vascura

**GEORGE WALKER BUSH,** *et al.***,**

    **Defendants.**

## SHOW CAUSE ORDER

Plaintiff, David Andrew Bardes, filed his Complaint against 27 Defendants on September 10, 2025. (ECF No. 1.) To date, the docket does not reflect that Plaintiff has effected service of process over any of the Defendants as required by Federal Rule of Civil Procedure 4(m).

The Court acknowledges that Plaintiff filed several Affidavits of Service by Certified Mail on October 14, 2025. (ECF No. 11.) Therein, a process server hired by Plaintiff avers that he served 13 of the Defendants via certified mail. (*Id.*) However, a party electing to use Ohio certified mail service must follow the procedure set forth in this Court's Local Rules:

> (a) The attorney of record or the serving party shall address the envelope to the person to be served and shall place a copy of the summons and complaint or other document to be served in the envelope. The attorney of record or the serving party shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope and the case number shown in a conspicuous location on the return receipt card. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. The attorney of record or the serving party shall affix adequate postage to the envelope *and deliver it to the Clerk who shall cause it to be mailed.*

  (b) *The Clerk shall enter the fact of mailing on the docket* and make a similar entry when the return receipt is received. . . .

S.D. Ohio Civ. R. 4.2(a), (b) (emphasis added).

  Here, Plaintiff did not provide service materials to the Clerk for mailing by certified mail as S.D. Ohio Civ. Rule 4.2(a) requires, but rather attempted service by sending the service documents by certified mail through a process server. Service was therefore defective. If Plaintiff wishes to perfect service by certified mail, he must comply with the procedure set forth in S.D. Ohio Civ. Rule 4.2.

  Moreover, more than 90 days have elapsed since Plaintiff filed his Complaint. Federal Rule of Civil Procedure 4(m) provides in pertinent part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because Plaintiff failed to timely and properly serve any of the Defendants, he is **ORDERED** to **SHOW CAUSE on or before JANUARY 30, 2026**, why the Court should not dismiss this action without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. Plaintiff must support any good cause showing with sworn affidavits or declarations in compliance with 28 U.S.C. § 1746.

  Plaintiff is cautioned that his failure to show cause may result in dismissal of this action.

  **IT IS SO ORDERED.**

                   /s/ *Chelsey M. Vascura*
                   CHELSEY M. VASCURA
                   UNITED STATES MAGISTRATE JUDGE