**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DAVID ANDREW BARDES,**

        **Plaintiff,**

        **v.**

**GEORGE WALKER BUSH,** *et al.*,

        **Defendants.**

**Civil Action 1:25-cv-661**
**Judge Jeffery P. Hopkins**
**Magistrate Judge Chelsey M. Vascura**

## <u>REPORT AND RECOMMENDATION</u>

On September 10, 2025, Plaintiff, proceeding without the assistance of counsel, filed the Complaint and paid the requisite filing fee to commence this action. For the reasons that follow, the undersigned recommends that this case be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction.

Plaintiff's Complaint spans 60 pages and names 26 Defendants including the current and several former presidents of the United States, several administrative departments of the United States Government, and several major tech companies and their current or former CEOs. This action is at least the ninth lawsuit in which Plaintiff alleges that he was the victim of "cold cell torture" in South Carolina in 2006. *See Bardes v. Cole*, No. 1:24 CV 701, 2025 WL 3628215, at *1–2 (S.D. Ohio Dec. 15, 2025) (summarizing prior suits). Since his first action filed in 2008, each subsequent lawsuit has repeated those core allegations and expanded the alleged underlying conspiracy to create an increasingly fantastical narrative. For instance, Plaintiff alleges that former United States President George W. Bush is "God's greatest enemy: GOG from the land

MAGOG" (Compl. ¶¶ 7, 11), and has conspired with former United States Vice President Dick Cheney and the Central Intelligence Agency to bribe judges to dismiss his prior lawsuits (*id.* ¶¶ 36, 39). Plaintiff further describes a battle between "GOG AND MAGOG" and unknown "***good people*** protecting me." (*Id.* ¶ 181) (emphasis in original). Plaintiff also alleges that Mark Zuckerberg, as CEO of Meta, "has given China full control of Facebook to censure US citizens, as well as China having full access to the top secret NSA Super Data Center in Salt Lake City, Utah." (*Id.* ¶ 170.)

Three months after Plaintiff commenced this action, Plaintiff was declared a vexatious litigator in another case in this District. *Bardes v. Cole*, No. 1:24 CV 701, 2025 WL 3628215, at *8–9 (S.D. Ohio Dec. 15, 2025). From December 15, 2025, onward, Plaintiff is prohibited from filing any new proceeding in this Court without either retaining counsel or submitting a statement from a licensed attorney certifying that there is a good-faith basis for the action he seeks to file. *Id.* But because Plaintiff commenced this action before he was declared a vexatious litigator, he is not subject to those filing restrictions in this case.

Nor did Plaintiff seek leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, which would have authorized the Court to conduct an initial screen of Plaintiff's Complaint to recommend dismissal of any action that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Because Plaintiff paid the full filing fee, his Complaint is not subject to *sua sponte* screening under § 1915.

Nevertheless, the United States Court of Appeals for the Sixth Circuit has approved *sua sponte* dismissal of fee-paid actions when the complaint's allegations are as implausible as Plaintiff's. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any

time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.") (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974)). The allegations in Plaintiff's Complaint are so implausible as to render the Complaint frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id.* at 327–28. This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Because Plaintiff's claims are predicated on allegations that rise to the level of being "irrational or wholly incredible" and "fantastic or delusional," his Complaint fails to meet the facial plausibility standard such that it is legally frivolous and dismissal for lack of subject-matter jurisdiction under *Apple* is warranted.

For these reasons, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**[1] for lack of subject-matter jurisdiction.

---

[1] *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("[D]ismissals for lack of jurisdiction should generally be made without prejudice.").

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4