**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DAVID ANDREW BARDES,** | : | |
| | : | **Case No. 1:25-cv-00661** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Judge Jeffrey P. Hopkins** |
| | : | **Magistrate Judge Chelsey M. Vascura** |
| **GEORGE WALKER BUSH, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS LAWRENCE PAGE AND ALPHABET INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Defendants Alphabet Inc. ("Alphabet") and Lawrence Page ("Page") hereby respond to Plaintiff's Objections ("Objections") to the Report and Recommendation ("R&R") issued on April 16, 2026. For the reasons stated herein, Plaintiff's Objections should be overruled and the R&R adopted in its entirety.

First, Plaintiff implausibly asserts that the complaint's allegations are not fantastical or delusional, such that the standard outlined in *Apple v. Glenn* is inapplicable. 183 F.3d 477,479 (6th Cir. 1999). However, Plaintiff merely re-alleges the same purported facts from the complaint. He offers no authority to support his contention that those allegations have merit, especially in light of the Court's determination that his allegations *are* fantastical and delusional such that the Court lacks subject matter jurisdiction. (*See* R&R, Doc. No. 75, PageID 627-628). Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate here. Plaintiff's Objections should thus be overruled and the R&R adopted in its entirety.

Second, Plaintiff's request for leave to amend his complaint rather than face dismissal should be denied because it is procedurally improper. Plaintiff has failed to file a motion seeking leave to amend, and has failed to state with particularity the grounds for amendment. *See Evans v.*

*Pearson Enters.*, 434 F.3d 839, 853 (6th Cir. 2006) ("Requesting leave to amend under Fed. R. Civ. P. 15(a) is governed by Fed. R. Civ. P. 7(b), which requires that a motion shall state with particularity the grounds therefor[.]"). Moreover, any amended claims would be futile here. (*See* R&R, PageID 627-628). The impropriety of Plaintiff's request notwithstanding, Plaintiff also was declared a vexatious litigator in another case in this District, and is prohibited from filing any new proceeding in this Court without either retaining counsel or submitting a statement from a licensed attorney certifying that there is a good-faith basis for the action he seeks to file. (*See* R&R, PageID 627; citing *Bardes v. Cole*, No. 1:24 CV 701, 2025 WL 3628215, at *8-9 (S.D. Ohio Dec. 15, 2025)). Filing a *new* complaint without first retaining counsel or a statement from counsel would arguably violate the Court's prior requirement that those steps be taken before additional claims are filed.

In sum, the Court should deny Plaintiff's Objections and adopt the R&R in its entirety.

Respectfully submitted,

*/s/ Anthony L. Osterlund*
Anthony L. Osterlund (0071086)
Trial Attorney
Alex X. Shadley (0100801)
Vorys Sater Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Telephone: 513-723-4000
Facsimile: 513-852-8589
alosterlund@vorys.com
axshadley@vorys.com

*Counsel for Defendants Alphabet Inc. and Lawrence Edward Page*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, I filed the foregoing with the Clerk of Court using the

CM/ECF system which will send electronic notification of such filing to all parties and counsel

registered with ECF.  In addition, Plaintiff has been served by email and regular mail as follows:

David Andrew Bardes
3522 Kimberly Drive, Apt. 8
Erlanger, KY 41018
davidbardes@yahoo.com

*/s/ Anthony L. Osterlund*
Anthony L. Osterlund

3