**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DAVID ANDREW BARDES,

    *Plaintiff*,

vs.

GEORGE WALKER BUSH, *et al.*,

    *Defendants*.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:25-cv-00661

Judge Jeffery P. Hopkins

---

### ORDER ADOPTING REPORT AND RECOMMENDATION

---

David Andrew Bardes ("Plaintiff" or "Bardes"), proceeding *pro se*, objects to the Report and Recommendation (the "R&R") issued on April 16, 2026, by Magistrate Judge Chelsey M. Vascura. Doc. 75. In the R&R, the Magistrate Judge recommends that this case be dismissed *sua sponte* for lack of subject matter jurisdiction. Doc. 75, PageID 628. For the reasons explained below, Plaintiff's objections (Doc. 79) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (Doc. 75) is **ADOPTED** in full. Accordingly, the Court **DISMISSES** Plaintiff's Complaint (Compl., Doc. 1) **WITHOUT PREJUDICE**.

### I.    STANDARDS OF REVIEW

If a party objects to a magistrate judge's report and recommendation within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## II.    LAW AND ANALYSIS

Plaintiff raises five objections. He argues that the Magistrate Judge (1) improperly relied on *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); (2) improperly rejected his factual allegations; (3) conflated Plaintiff's narrative with his factual allegations; (4) erred in dismissing for lack of subject-matter jurisdiction because his claims are not devoid of merit; and (5) should have granted leave to amend. Doc. 79, PageID 677–79. Upon *de novo* review, Plaintiff's objections fail. The Court first notes that objections one and four both challenge the Magistrate Judge's reliance on *Apple* and the resulting recommendation of dismissal for lack of subject-matter jurisdiction. *Apple*, 183 F.3d at 480. Plaintiff asserts that the Magistrate Judge misapplied *Apple* because Plaintiff's claims are not "baseless on their face." Doc. 79, PageID 677.

After a complete and thorough *de novo* review of the record, the Court disagrees. *Apple* holds that a district court may dismiss for lack of subject-matter jurisdiction where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479–80; *Swint v. Fultano's Pizza*, No. 5:23-cv-1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023) ("[A] district court may *sua sponte* dismiss a complaint under Rule 12(b)(1) where it lacks 'the legal plausibility necessary to invoke federal subject matter jurisdiction.'") (citing *Apple*, 183 F.3d at 480). For the reasons discussed below, Plaintiff's allegations meet that standard and fall within the narrow category warranting dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### A.  Narrative Versus Factual Allegations

With respect to his second and third objections, Bardes argues that the Magistrate Judge ignored his factual allegations and confused them with his narrative. Doc. 79, PageID 678–79. The Court disagrees. The Magistrate Judge reasonably reviewed Plaintiff's factual allegations and correctly concluded that they are implausible. *See* Doc. 75. Indeed, "[c]ourts have never accepted 'allegations that are sufficiently fantastic to defy reality as we know it.'" *Singh v. Procter & Gamble Co.*, No. 1:22-cv-457, 2023 WL 3230978, at *4 (S.D. Ohio May 3, 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009)).

Here, Plaintiff's Complaint names twenty-six Defendants, among them former Presidents George W. Bush, Barack Obama, and Donald Trump, former First Lady Laura Bush, federal agencies including the Central Intelligence Agency and the Federal Bureau of Investigation, and major technology companies and their executives, such as Microsoft Corporation, Apple Inc., Mark Zuckerberg, and Jeff Bezos. *See* Compl., Doc. 1. Plaintiff alleges that he plausibly asserted "federal constitutional claims and civil rights violations under 42 U.S.C. §§ 1983 and 1985." Doc. 79, PageID 679. *See* 42 U.S.C. §§ 1983, 1985. Plaintiff's allegations in the Complaint, however, constitute nothing more than a string of fantastical assertions, which fail to plausibly assert either of those claims.

Here, among other baseless claims alleged, Bardes asserts that former President George Bush and the Central Intelligence Agency bribed judges, which resulted in the dismissal of his previously filed cases. Compl., Doc. 1, ¶ 39 ("What I did not know at that time, was George Walker Bush and the CIA bribed the judges to dismiss the lawsuit."). He then asserts that former Presidents Bush, Obama, and Biden, together with technology

executives and federal agencies, have betrayed the United States to China. *Id*. ¶ 170 ("Bush, Obama, Biden, the ten technology CEOs, the CIA, FBI . . . have betrayed our nation to China requiring their arrests, mass trials, and swift executions according to our laws."). Bardes further asserts that he witnessed "GOG AND MAGOG" recruiting individuals to kill him and that he evaded them by following biblical prophecy. *Id*. ¶ 178 ("[A]s I witnessed GOG AND MAGOG recruiting killers to kill me, I used God's advice found in the prophetic scriptures of the [B]ible to avoid the killers."). According to Plaintiff, a so-called "Bush Scroll" offers former President Bush a choice between eternal life and divine destruction. *Id*. ¶ 8. He also claims to have submitted thousands of pages of website-traffic logs that he says prove these conspiracies and render it highly probable that Defendants spent three years trying to kill him. *Id*. ¶¶ 111, 139; Doc. 79, PageID 677. Plaintiff's allegations are, on their face, fantastical and wholly implausible.

Indeed, Plaintiff's allegations fall within a familiar category of "deep-state" conspiracy pleadings that courts have routinely found frivolous. *See, e.g., Bartlett v. Kalamazoo Cnty. Cmty. Mental Health Bd*., No. 18-1319, 2018 WL 4492496, at *2 (6th Cir. Aug. 22, 2018) ("Bartlett's allegations . . . are based on 'fantastic or delusional' assertions, including conspiracies and far-fetched theories of harm involving threats on her life, the use of 'biomedical execution' and 'severe radiation,' and allegations that she has been 'programmed.'"); *Singh*, 2023 WL 3230978, at *4 ("Courts in our circuit have held that technically possible but highly implausible claims are likewise frivolous, including allegations that . . . the 'deep state' surveilled and brainwashed a plaintiff and his wife.") (citation omitted); *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 2059866, at *2 (E.D. Mich. Apr. 29, 2020) ("[A] a complaint . . . is insufficient to frame a plausible cause of action where it is based on nothing

4

more than speculation or imagination."); *Marshall v. Stengel*, No. 3:10-cv-159, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) ("Plaintiff's complaint is nothing more than a collection of totally unsubstantiated events compiled by an individual who believes that various things are occurring to her, which simply are illogical and delusional."). Here, Plaintiff's allegations place this case squarely within the totally implausible and frivolous category that *Apple* defines as ones that do not confer subject-matter jurisdiction on district courts. *Apple*, 183 F.3d at 480.

### B. Request for Leave to Amend

Bardes also seeks leave to amend his Complaint. *See* Fed. R. Civ. P. 15(a)(2); Doc. 79, PageID 679. However, a "proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). And even though Plaintiff is proceeding in this case *pro se* and is thus entitled to receive a more liberal construction of his pleadings, this standard nevertheless has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("As this court has noted, the lenient treatment generally accorded to *pro se* litigants has limits.") (citation omitted). Because Plaintiff's allegations are fantastical, wholly implausible, and fail to invoke this Court's subject-matter jurisdiction, as explained above, no amendment could cure these defects. *See Bardes v. Bush*, No. 23-3272, 2023 WL 9318039, at *2 (6th Cir. Dec. 4, 2023) ("[T]he district court was not required to grant leave to amend because Bardes's complaint was dismissed for total implausibility."); *Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Although the district court did not give [the plaintiff] notice and an opportunity to amend before dismissing the action, the district court's actions may nonetheless be affirmed. A complaint may be dismissed *sua sponte* 'for lack of subject matter

5

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible.'") (citing *Apple*, 183 F.3d at 479). Given the nature of the allegations contained in Plaintiff's Complaint, the Court denies Plaintiff's request for leave to amend and dismisses this action in its entirety.

## III.    CONCLUSION

Having conducted a *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Magistrate Judge's Report and Recommendation (Doc. 75) is **ADOPTED** in full. Accordingly, the Court **DISMISSES** Plaintiff's Complaint (Compl., Doc. 1) **WITHOUT PREJUDICE**.[1]

**IT IS SO ORDERED.**

May 15, 2026

Jeffery P. Hopkins
United States District Judge

---

[1]    *Bardes v. Bush*, No. 23-3272, 2023 WL 9318039, at *2 (6th Cir. Dec. 4, 2023) ("[T]he district court should not have dismissed Bardes's complaint with prejudice [because a] dismissal with prejudice operates as an adjudication on the merits.").

6